# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2380
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Wayne Melsha

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 18, 2019
Filed: February 27, 2019
[Unpublished]

_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Daniel Melsha directly appeals a within-Guidelines-range sentence for possession with intent to distribute methamphetamine within 1,000 feet of a school, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860(a), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). In an *Anders* brief,

Melsha's counsel raises the district court's[1] decision to deny an acceptance-of-responsibility reduction and the substantive reasonableness of Melsha's sentence as two potential issues on appeal. *See Anders v. California*, 386 U.S. 738 (1967). She also seeks permission to withdraw as counsel.

We conclude that the district court did not clearly err when it declined to adopt an acceptance-of-responsibility reduction. *See United States v. Bakhtiari*, 714 F.3d 1057, 1062 (8th Cir. 2013) (per curiam) (reviewing the denial of an acceptance-of-responsibility reduction for clear error). This is not one of those "extraordinary cases" in which a defendant should receive both a reduction for acceptance of responsibility and an enhancement for obstruction of justice. *See United States v. Honken*, 184 F.3d 961, 968–69 (8th Cir. 1999).

We further conclude that Melsha's sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions). The record establishes that the district court adequately considered the statutory sentencing factors, 18 U.S.C. § 3553(a), when it sentenced him. *See United States v. Calloway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines-range sentence is presumptively reasonable).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and there are no other non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.